# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALBERT PAYTON,<br>    Plaintiff,<br><br>v.<br><br>CONN. DEP'T OF CORR., et al.,<br>    Defendants. | No. 3:17-cv-00006 (SRU) |

## INITIAL REVIEW ORDER

The plaintiff, Albert Payton, is incarcerated at the Osborn Correctional Institution. He has filed a complaint under 42 U.S.C. § 1983 against the Connecticut Department of Correction, University of Connecticut Correctional Managed Health Care, Dr. Naqui, Sean MacRae and Richard Furey.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*,

1

470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  **Allegations**

Payton suffers from debilitating back problems and is allergic to Motrin. That allergy is noted in Payton's medical file.

On an unidentified date at an unidentified location, Dr. Naqvi, Sean MacRae, and Richard Furey allegedly prescribed Motrin for Payton. Payton claims that after taking Motrin he suffered from anaphylactic shock and medical staff provided him with Benadryl "to counteract the severe allergic reaction." Compl., Doc No. 1, at 4.

Payton claims that the blatant disregard of the notation in his chart indicating that he is allergic to Motrin constituted gross negligence and medical malpractice by the Department of Correction, University of Connecticut Correctional Managed Health Care, Naqui, MaCrae, and Furey. In addition, Payton alleges that the defendants were deliberately indifferent to his debilitating back pain.

He sues the defendants in their individual capacities only. He seeks monetary damages and an order "restricting CT DOC, UCONN CMHC from committing those actions set forth by complaint." *Id.* at 5.

II. **Analysis**

A. Claims against State Agencies

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Neither the State of Connecticut

Department of Correction nor University of Connecticut Correctional Managed Health Care is a person subject to suit under 42 U.S.C. § 1983.

A state agency is not a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983). The Department of Correction is a state agency. *See Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008); *Garris v. Dep't of Corr.*, 170 F. Supp. 2d 182, 186 (D. Conn. 2001). Like other state agencies, the Department of Correction is not a person within the meaning of section 1983. *See Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (observing that the State of Connecticut Department of Correction is a state agency and that '[i]t is well-settled that a state agency is not a "person" within the meaning of § 1983') (citing cases). Thus, I dismiss the claims against the State of Connecticut Department of Correction as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

Correctional Managed Health Care provides medical treatment to inmates and "is a division of a state agency, the University of Connecticut Health Center." *Jolly v. Correctional Managed Health Care*, 2009 WL 233667, at *3 (D. Conn. Jan. 30, 2009), *aff'd*, 375 F. App'x 67 (2d Cir. 2010) (summary order). Because Correctional Managed Health Care is a division of a state agency, it is not considered to be a person subject to suit under section 1983. *See Gaby v. Bd. of Trs. of Cmty. Tech. Colls.*, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam) (noting decisions holding that state universities and their boards of trustees are not persons within the meaning of section 1983); *Walker v. Connecticut*, 2006 WL 1981783, at *2 (D. Conn. Mar. 15, 2006) (dismissing action against CMHC under section 1983 because CMHC is not a "person" within the meaning of the statute); *Stewart v. John Dempsey Hosp.*, 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey Hospital University of Connecticut Health Center is

not a person within the meaning of section 1983). I dismiss the claims against the University of Connecticut Correctional Managed Health Care as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

    B. <u>Claims against Individuals</u>

Payton alleges that he suffers from "chronic pain due to [] debilitating back problems." Compl., Doc. No. 1, at 2. He is allergic to Motrin and his allergy is noted in his medical file. Payton claims that Naqui, MaCrae and Furey were involved in prescribing Motrin to him on an unidentified date and that he suffered a severe allergic reaction after ingesting the Motrin. He claims that medical staff provided him with an antihistamine to treat the symptoms associated with his allergic reaction.

Deliberate indifference by prison officials to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). There is a subjective and an objective component to the deliberate indifference standard. *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006).

Under the objective component, Payton must allege that his medical condition, illness or injury is a "sufficiently serious" one. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A "sufficiently serious" deprivation exists if the plaintiff suffers from an urgent medical condition that is degenerative or is capable of causing death or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003) (citation omitted); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks and citations omitted). Under the subjective component, Payton must allege that the defendant prison official "act[ed] with a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted). Thus, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as

a result of his or her actions or inactions and have disregarded that risk. *See Salahuddin*, 467 F.3d at 279–80. The fact that a prison official did not alleviate a significant risk that he should have but did not perceive does not constitute deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

The allegation regarding the administration of Motrin to Payton by the defendants appears to be an isolated and inadvertent error. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct" prohibited by the Eighth Amendment.). Furthermore, appropriate treatment was provided to Payton in response to his allergic reaction. Thus, to the extent plaintiff claims that he received inadequate medical care because defendants failed to closely monitor his medication allergy as listed in his medical records, Payton states at most a claim of negligence or malpractice. Malpractice claims are not cognizable in section 1983 actions because they sound in negligence and negligence does not state a claim of deliberate indifference to medical needs. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Hill v. Curcione,* 657 F.3d 116, 123 (2d Cir. 2011) ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm.") (internal quotation marks, brackets, and citation omitted); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.").

Because the conduct of the defendants with regard to prescribing Motrin to treat Payton's pain constitutes at most, medical malpractice or negligence, the claim against them does not state a violation of Payton's Eighth Amendment rights. Thus, this claim is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

To the extent that the allegations in the complaint may also be construed to assert a claim that Naqui, MacRae and Furey were deliberately indifferent in treating Payton's "debilitating back problems," Payton does not allege that he complained to one or more of the defendants regarding an injury to or problems with his back or that one or more of the defendants failed to respond to his complaints or requests for treatment. I conclude that the facts, as alleged, do not state a plausible claim that any defendant was deliberately indifferent to his back injury or problems with his back. Thus, the claim against Naqui, MacRae and Furey relating to treatment of problems with or an injury to his back is dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

### III. Conclusion

It is hereby ordered that:

(1) All claims against the Connecticut Department of Correction and Correctional Managed Health Care and the claim against Dr. Naqui, Sean MacRae and Richard Furey related to medication prescribed to treat back pain are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The claim against Dr. Naqui, Sean MacRae and Richard Furey regarding treatment for Payton's back injury or problems with his back is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 117–18 (2d Cir. 2013).

(2) The Clerk is directed to enter judgment for the defendants and close this case. If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(3) **Within thirty days of the date of this order**, Payton may move to reopen this case and file an amended complaint with regard to his claim pertaining to treatment by medical staff for his back injury/problems if he can assert specific facts pertaining to the dates on which he requested treatment and/or made each medical staff member aware of his request for treatment and how each defendant violated his constitutional rights in responding to or in failing to respond to his request or requests for treatment. The allegations should refer to each defendant by name and indicate the facility in which Payton was confined when the conduct occurred.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge